```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division


ULYSSES K. HAYES,              )
                               )
     Plaintiff,                )
                               )
         v.                    )    1:15cv1130(JCC/IDD)
                               )
SOTERA DEFENSE SOLUTIONS, INC. )
                               )
     Defendant.                )
```

## M E M O R A N D U M   O P I N I O N

The motion now before the Court in this matter is a motion to dismiss filed by Defendant Sotera Defense Solutions, Inc. [Dkt. 3] For the following reasons, the Court will deny Defendant's motion to dismiss with respect to Claim One, and will grant Defendant's motion to dismiss with respect to Claims Two and Three and dismiss those claims without prejudice.

### I. Background

At the motion to dismiss stage, the Court must read the complaint as a whole, construe the complaint in a light most favorable to the plaintiff, and accept the facts alleged in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The following facts, taken from the complaint and the parties' briefs, are undisputed unless otherwise indicated. Plaintiff Ulysses K. Hayes is a 53 year old African-American male and a resident of Georgia. (Compl. [Dkt. 1] ¶¶ 1,8.)

1

Defendant Sotera Defense Solutions, Inc. ("Sotera") is a Virginia corporation with its principal place of business in the Commonwealth of Virginia. (*Id.* at ¶ 2.) After 20 years in the military as a senior military intelligence analyst, Mr. Hayes was employed for 12 years as a computer software engineer for the defense contractors L-3 and Engility. (*Id.* at ¶¶ 9,13.) During that time Mr. Hayes received several excellent evaluations and awards. (*Id.* at ¶¶ 10,12.)

Mr. Hayes spent the three years prior to 2014 in Afghanistan and Kuwait working for L-3 and Engility. (*Id.* at ¶ 11.) In 2014, Mr. Hayes returned from Afghanistan and learned that the contract on which he had anticipated working had been won by Sotera rather than Engility. (*Id.* at ¶ 14.) Mr. Hayes alleges that on Engility's advice, he sent a "commitment letter" and resume to Sotera for "consideration of employment". (*Id.* at ¶¶ 15,16.) Sotera maintains that Mr. Hayes failed to apply for or accept any available position with Sotera, and was non-responsive to efforts to contact him. (Def.'s Mem. [Dkt. 4] at 1.)

Mr. Hayes alleges that Sotera's human resources program manager, Lisa Houle, misrepresented to "Bill Woodford, CTR, GDIT, CONUS East Operations Manager" that Mr. Hayes had declined an offer of employment made by Sotera. (Compl. ¶ 19.) Mr. Hayes further alleges that he was never offered a position

2

of employment with Sotera nor did he ever decline any such offer. (*Id.* at ¶¶ 21,22.) Mr. Hayes also claims that he affirmatively indicated his interest in continuing his work on contract as a Senior Field Software Engineer ("FSE") employee of Sotera at the South East Army Reserve Intelligence Support Center in Fort Gillen, Georgia. (*Id.* at ¶ 24.) At a later unspecified date, Mr. Hayes alleges that he learned Sotera hired another unnamed individual who was under 40 years old and who is much less experienced than Mr. Hayes. (*Id.* at ¶ 31.) Mr. Hayes claims that as a result of his diligent efforts searching for employment, he has been able to find alternate employment, but the closest position to his home he could find is a roundtrip of over one hundred eighty (180) miles per day. (*Id.* at ¶ 34.)

At an unspecified date, Mr. Hayes filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC) alleging violations of Title VII of the Civil Rights Act of 1964. (*Id.* at ¶ 5.) On or about June 24, 2015, Mr. Hayes received a Right to Sue Letter from the EEOC despite the fact that less than one hundred and eighty (180) days had passed since the original claim had been filed with the EEOC. (*Id.* at ¶ 7.) The EEOC terminated its processing of Mr. Hayes' charge at that time. (*Id.*) On September 2, 2015, Mr. Hayes filed this action alleging age discrimination in violation of the Age Discrimination in Employment Act (ADEA) and racial

3

discrimination Title VII of the Civil Rights Act of 1964. Sotera filed a motion to dismiss for failure to state a claim and a memorandum in support on September 25, 2015. Hayes filed a memorandum in opposition [Dkt. 8] on October 9, 2015. Sotera filed a rebuttal brief on October 15, 2015 [Dkt. 9], and oral argument was heard on October 22, 2015. The matter is now ripe for decision.

## II. Legal Standard

Defendant moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). "While the court must accept well-pleaded allegations as true when ruling on a Rule 12(b)(6) motion, the court need not accept as true legal conclusions disguised as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679-81 (2009). Therefore, a pleading that offers only a "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Equally unacceptable is a complaint that tenders mere "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir.

1999) (citation omitted) (internal quotation marks omitted). In the instance where sufficient facts are alleged in the complaint to rule on an affirmative defense, such as the statute of limitations, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear[ ] *on the face of the complaint*." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (emphasis in original).

### III. Analysis

Plaintiff alleges both age discrimination in violation of the ADEA, and racial discrimination in violation of Title VII of the Civil Rights Act of 1964. The Court will address the merits of each of those claims in turn.

#### A. Plaintiff's Age Discrimination Claim

To succeed with an ADEA claim, Plaintiff "must prove, by the preponderance of the evidence, that age was the 'but for' cause of the challenged adverse employment action." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 129 S.Ct. 2343, 2352 (2009). A plaintiff can show cause either through direct evidence of intentional discrimination or through the indirect, burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) and its descendants. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142-143 (2000);

5

*St. Mary's Honor Ctr. V. Hicks*, 509 U.S. 502, 506-507 (1993). Under the *McDonnell Douglas* burden shifting scheme, if the plaintiff can make a prima facie case of age discrimination, "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action" or 'but for' causation will be presumed. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) *abrogated on other grounds by Univ. of Texas Sw. Med. Ctr. V. Nassar*, 133 S. Ct. 2517 (2013).

To establish a prima facie ADEA age discrimination case under the *McDonnell Douglas* scheme, a plaintiff must show (1) he is a member of a protected class, namely "individuals who are at least 40 years of age," 29 U.S.C. §631(a); (2) he was qualified for the position; (3) he was rejected despite his qualifications; and (4) the position remained open or was filled by a substantially younger person. *See Hill*, 354 F.3d at 285; *Henson v. Liggett Grp., Inc.*, 61 F.3d 270, 274 (4th Cir. 1995); *Arthur v. Pet Diary*, 593 F. App'x 211, 217 (4th Cir. 2015). If a complaint contains allegations of fact which meet each of the four prongs of the *McDonnell Douglas* prima facie showing, and no non-discriminatory reason for the non-hiring "clearly appears on the face of the complaint," then the complaint will survive a Rule 12(b)(6) motion. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

Defendant's suggestion that Plaintiff's complaint must allege specific facts showing that Defendant actually knew Plaintiff's age when they made the decision not to hire him is incorrect. (Def.'s Mem. at 6.) First, Defendant does not cite, and the Court cannot find, any cases from the Fourth Circuit or the Supreme Court explicitly requiring allegations of facts showing that a defendant actually had knowledge of a plaintiff's age in order for an ADEA claim to survive a rule 12(b)(6) motion. The Court cannot disagree with the irresistible logic expressed in *Raytheon v. Hernandez*, that if an employer were "truly unaware that [a condition] existed, it would be impossible for her hiring decision to have been based, even in part, on respondent's [condition]." 540 U.S. 44, 55 n.7 (2003). However, requiring specific factual allegations that the defendant had actual knowledge of plaintiff's age in the complaint would be incompatible with the application of the *McDonnell Douglas* prima facie standard at the Rule 12(b)(6) stage. By alleging facts sufficient to meet the four prongs of the adapted *McDonnell Douglas* test, a plaintiff "gives rise to an inference of discrimination, and the burden then shifts to the defendants to provide a legitimate non-discriminatory reason for their action." *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998). As there can be no discrimination without knowledge of the protected characteristic, the "inference of discrimination"

created by a prima facie case necessarily includes an inference of actual knowledge of plaintiff's protected characteristic. Therefore, no showing or allegation of actual knowledge of the plaintiff's age is required for Plaintiff to make a *McDonnell Douglas* prima facie case.

Practically, the defendant's burden under *McDonnell Douglas* is not particularly difficult to meet, as "defendants' burden is only one of production, not persuasion." *Id.* (*citing Henson*, 61 F.3d at 274, 275.) However, a defendant must still "produce evidence of a non-discriminatory reason for their action." *Id.* Evidence that a defendant did not actually know the plaintiff's age when they took the challenged action would be strong evidence that plaintiffs had a non-discriminatory motivation behind their action, but it still needs to be produced by the defendant. Tellingly, each of the cases cited by Defendant as support for their proposition that Plaintiff must "allege facts giving rise to an inference that Sotera even knew about his age," is an opinion on a Rule 56 motion for summary judgment, not a Rule 12(b)(6) motion to dismiss. *See Woodman v. WWOR-TV, Inc.*, 411 F.3d 69,89 (2nd Cir. 2005); *Geraci v. Moody-Tottrup In'l, Inc.*, 82 F.3d 578, 581 (3d Cir. 1996); *Raytheon* 540 U.S. at 55 n.7. In short, where the plaintiff alleges sufficient facts to make a prima facie case under *McDonnell Douglas* and creates an inference of discrimination, he

8

has raised specific facts sufficient to create an inference that the defendant knew about the plaintiff's membership in the protected class.

In the instant matter, Plaintiff has alleged sufficient facts to satisfy all four elements of a prima facie age discrimination case under the adapted *McDonnell Douglas* test, so his claim for age discrimination under the ADEA will survive Defendant's Motion to Dismiss. First, Mr. Hayes alleges he is 53 years old, and thus a member of the protected class under the ADEA. (Compl. ¶ 8.) Second, Mr. Hayes alleges that he had 20 years of experience as a military intelligence analyst; 12 years of experience as a computer software engineer for L-3 and Engility, including some time filling the same position for which he was applying to Sotera; and a sterling record of excellent evaluations and awards at work. (*Id.* at ¶¶ 9-14, 16, 23-24.) At this stage, construing the facts alleged in the light most favorable to the plaintiff, this track record is sufficient to find that Mr. Hayes was qualified for the job for which he was applying. Third, Mr. Hayes alleges that he was denied the position at Sotera despite his qualifications. (*Id.* at ¶¶ 21-23.) Finally, Mr. Hayes alleges that Sotera filled the position for which he applied with another candidate who "was less than 40 years old and who was much less experienced than Mr. Hayes." (*Id.* at ¶ 31.) Plaintiff has thus alleged facts

which, if true, satisfy each of the four requirements of a prima facie ADEA age discrimination case under the adapted *McDonnell Douglas* scheme. In so doing, Plaintiff has created an inference of discrimination at this stage, and the Court denies Defendant's Motion to Dismiss as it pertains to Plaintiff's claim for age discrimination under the ADEA.

### B. Plaintiff's Title VII Claims

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2. As with an ADEA age discrimination claim, a Title VII plaintiff may demonstrate discrimination either through evidence directly showing a discriminatory intent, or through the indirect framework of *McDonnell Douglas*. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005). Hayes fails to allege any specific facts which would suggest that Defendant had a racially discriminatory intent, making only vague, conclusory allegations that "Defendant, by and through its agents and employees discriminated against Mr. Hayes in the terms, conditions and privileges of prospective employment in various ways, in substantial part because of his race, in violation of

10

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.." (Compl. ¶ 45.)  These are precisely the kind of "naked assertion[s]" devoid of "further factual enhancement" that will not suffice to survive a Rule 12(b)(6) motion.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557.  As Hayes has not alleged specific facts supporting a direct showing of racially discriminatory intent, his Title VII claims must satisfy each element of the *McDonnell Douglas* test in order to succeed.

In *McDonnell Douglas* itself, the Supreme Court explained that in order to make a prima facie Title VII hiring discrimination case a plaintiff must show "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from person of complainant's qualifications." *McDonnell Douglas Corp.*, 411 U.S. at 802.  The Fourth Circuit has further clarified that when the position at issue is no longer open, but has been filled, "a plaintiff must ordinarily show that the position ultimately was filled by someone not a member of the protected class." *Brown v. McLean*, 159 F.3d 898, 905, (4th Cir. 1998).[1]

---

[1] In *Brown*, the Fourth Circuit recognized several exceptions to this rule, including (1) actions for age discrimination under

11

In this case, Hayes alleges that the position for which he applied has since been filled by another individual. (Compl. ¶¶ 31, 52.)  However, he does not allege that his eventual replacement was not a member of the same, or even a different protected racial minority.  Allegations regarding the race of the individual eventually hired by Sotera are conspicuously absent from the complaint.  There are no facts alleged which would support a finding that "the position ultimately was filled by someone not a member of the protected class."  *Brown,* 159 F.3d 898, 905.  Under the facts in the complaint, this claim will fail as a matter of law due to Hayes failure to show that Defendant ultimately filled the position with someone of a different race.

Because Plaintiff neither adequately alleges specific facts which directly demonstrate racially discriminatory intentions on the part of Defendant, nor provides any allegations regarding the race of the individual eventually hired to fill the position for which he applied, the Court grants Defendant's motion to dismiss with regards to the Title VII racial discrimination claims and dismisses those claims without prejudice.

---

the ADEA, (2) actions where a significant amount of time passes between the adverse employment action and the eventual hiring of a class member, and (3) cases where an employer hires another person within the class to disguise its act of discrimination. None of these exceptions are relevant in this case.

12

## IV. Conclusion

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss with respect to Count One, and grants Defendant's Motion to Dismiss with respect to Counts Two and Three. An appropriate Order shall issue.

|  | /s/ |
|---|---|
| November 4, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |