IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ULYSSES K. HAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:15cv1130(JCC/IDD) |
| ) | |
| SOTERA DEFENSE SOLUTIONS, INC. ) | |
| ) | |
| Defendant. ) | |

## M E M O R A N D U M   O P I N I O N

This matter is now before the Court on Defendant's Motion for Leave to Appeal pursuant to 28 U.S.C. § 1292(b). For the following reasons, the Court denies Defendant's motion.

### I. Background

Plaintiff Ulysses K. Hayes ("Plaintiff" or "Hayes") filed this lawsuit against Defendant Sotera Defense Solutions, Inc. ("Defendant" or "Sotera") on September 2, 2015. Plaintiff brought one claim for age discrimination in violation of the Age Discrimination in Employment Act (ADEA) and two claims for racial discrimination in violation of Title VII of the Civil Rights Act of 1964. (Compl. [Dkt. 1]) On November 4, 2015, this Court granted Defendant's Motion to Dismiss [Dkt. 3] with respect to Plaintiff's Claims Two and Three, for racial discrimination, and Denied Defendant's Motion to Dismiss with respect to Plaintiff's Claim One, for age discrimination. (Mem.

1

Opp. [Dkt. 11].) The Court gave Plaintiff until November 10, 2015 to file any amendment, but Plaintiff declined to amend his complaint, deciding instead to proceed only on his remaining age discrimination claim. (Order [Dkt. 12].) On November 16, 2015, Defendant filed this motion for leave to appeal and a memorandum in support [Dkt. 13-1]. Plaintiff filed his opposition on November 30, 2015 [Dkt. 16], and Defendant filed its rebuttal brief on December 4, 2015 [Dkt. 18]. Oral arguments were heard on December 10, 2015, and the motion is ripe for decision.

## II. Legal Standard

Defendant files this request for leave to appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) allows a district judge to certify as appealable "an order not otherwise appealable" when he or she "is of the opinion that such order (1) involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b)(internal numbers added). Courts in this district have read § 1292(b) narrowly, finding it "a narrow exception to the final judgment rule of § 1291, to be used only in extraordinary cases to avoid protracted and expensive litigation." *Ecker Int'l v. Government of Sovreign Democratic Republic of Fiji*, 834 F. Supp. 167, 174 (E.D.Va. 1993). A district court should grant

2

leave to file an interlocutory appeal only when the order to be appealed has each of the three characteristics described in 28 U.S.C. § 1292(b). *First Owner's Ass'n of Forty Six Hundred Condo. v. Gordon Props., LLC*, 2011 U.S. Dist. LEXIS 156332, *4-5 (E.D.Va. Apr. 15, 2011). In determining whether or not to accept an interlocutory appeal, The Fourth Circuit has put particular emphasis on the ability of the appeal to "be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin v. CSX Trasp., Inc.*, 1989 U.S. App. LEXIS 20859, *16 (4th Cir. Apr. 26, 1989).

### III. Analysis

In denying Defendant's motion to dismiss with regard to Plaintiff's age discrimination, this Court found that under the burden shifting scheme established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) as applied towards age discrimination claims by the Fourth Circuit, a plaintiff establishes a prima facie case at the 12(b)(6) stage by alleging "(1) he is a member of the protected class, namely individuals who are at least 40 years of age; (2)he was qualified for the position; (3) he was rejected despite his qualifications; and (4) the position remained open or was filled by a substantially younger person." (Order, at 6)(citing *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004); *Henson v. Liggett Grp., Inc.*, 61 F.3d 270, 274 (4th Cir. 1995); *Arthur*

*v. Pet Diary*, 593 F. App'x 211, 217 (4th Cir. 2015)). Defendant requests that the Court certify the question of "whether a plaintiff must adequately plead defendant's knowledge of plaintiff's age in order to survive a motion to dismiss an intentional discrimination claim under the Age Discrimination in Employment Act" for appeal. (Def.'s Mem. [Dkt. 13-1] at 3.) Because the Court finds that neither is this question a "controlling question of law" nor would allowing an interlocutory appeal here "materially advance the ultimate termination of the litigation", the Court denies Defendant's request to certify the question for interlocutory appeal. 28 U.S.C. §1292(b)

**A.**      **Controlling Question of Law**

Defendant argues that the question presented for certification is a pure question of controlling law. The Court does not agree. While the question of "whether a plaintiff must adequately plead defendant's knowledge of plaintiff's age in order to survive a motion to dismiss an intentional discrimination claim under the Age Discrimination in Employment Act" is a legal question. However, the Court's prior order in this matter did not hold that the Plaintiff need not "adequately plead defendant's knowledge of plaintiff's age". In fact, the court held that due to the burden shifting nature of the *McDonnell Douglas* scheme, a plaintiff "gives rise to an

4

inference of discrimination" by alleging facts sufficient to meet the four prongs of the adapted *McDonnell Douglas* test, and that inference of discrimination "necessarily includes an inference of actual knowledge of plaintiff's protected characteristic." (Opinion at 7-8)(quoting *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998)).  Defendant contends that this holding is incompatible with the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (1955) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  However, in its previous opinion, the Court did not replace the plausibility standard of *Twombly* and *Iqbal* with a different, lower, ADEA specific standard.  Rather, the court layered the pleading standards of *Twombly* and *Iqbal* with the burden shifting scheme of *McDonnell Douglas*.  To clarify, the Court held that the plaintiff satisfies the *Twombly and Iqbal* plausibility standard by pleading sufficient, plausible facts to satisfy the 4 prongs of the *McDonnell Douglas* burden shifting scheme as adapted to age discrimination claims by the Fourth Circuit.

        Moreover, even if the Fourth Circuit were to hold that more specific facts must be alleged which would enable Plaintiff to demonstrate that Defendant had knowledge of his age, Defendant's motion to dismiss Plaintiff's age discrimination would still probably be denied.  The Supreme Court recognized in *Iqbal* that "determining whether a complaint states a plausible

5

claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. In the complaint, the Plaintiff alleges that he sent a "commitment letter and resume to Sotera for consideration of employment in connection with the continuing mission." (Compl. ¶ 16.) It is not unreasonable to believe that, in the light most favorable to the Plaintiff, the Defendant was able to ascertain Plaintiff's age from his resume. *See Ndremizara v. Swiss Re America Holding Corp.*, 93 F. Supp.3d 301, 314 (S.D.N.Y. 2015)("The Court held that Defendant could reasonably have inferred Plaintiff's approximate age from the resume he submitted.").

The question is certainly not controlling then, as its resolution on appeal could not "materially affect the outcome of the litigation in the district court." *In re Cement Antitrust Litigation*, 673 F.Supp.2d 1020, 1026 (9th Cir. 1982). The Court therefore finds that Defendant's request for interlocutory appeal does not involve a controlling question of law.

**B.      Effect of Immediate Appeal on Ultimate Termination of this Litigation**

Defendant argues that allowing interlocutory appeal on this issue would materially advance the ultimate termination of the litigation because if they are successful the Plaintiff's only remaining motion will be dismissed. (Def.'s Mem. at 7.)

6

However, this ignores the fact that the dismissal of Plaintiff's age discrimination claim pursuant to Rule 12(b)(6) in this case would be a dismissal without prejudice, and Plaintiff would be allowed to amend his complaint to allege that Defendant had actual knowledge of Plaintiff's age. As discussed above, even if Plaintiff has not already adequately alleged facts supporting an inference that Defendant knew his age, it would not be easy for Plaintiff to amend and enhance his complaint to allege specific facts which would clearly give Defendant actual knowledge of his age. Even if Defendant succeeds with this appeal, it would simply prolong the present litigation rather than hasten the litigation towards its ultimate termination. Because any dismissal under Rule 12(b)(6) resulting from this appeal would be without prejudice and with leave to amend the complaint, the appeal would not "be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin* U.S. App. LEXIS 20859, at 16. The Court therefore finds that granting Defendant's request for leave to pursue an interlocutory appeal would not "materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b).

The Court finds that Defendant has failed to show that the request for leave to appeal "involves a controlling question of law" and "that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

7

28 U.S.C. § 1292(b)(internal numbers added). As the Court finds that the criteria of a 28 U.S.C. § 1292(b) are not met, the Court denies Defendant's request for leave to file an interlocutory appeal.

### IV. Conclusion

For the foregoing reasons, the Court denies Defendant's Motion for Leave to Appeal. An appropriate Order shall issue.

```
                                            /s/
December 17, 2015                   James C. Cacheris
Alexandria, Virginia         UNITED STATES DISTRICT COURT JUDGE
```